## Kreager v. Kreager

*V. J. Dalton*, for petitioner.

HOUCK, J., June 10, 1935.—The procedure in this case does not conform to the statute and rules of court and makes it impossible, in the present state of the record, for us to consider the master's report. The subpœna was

allowed and the libel filed on January 28, 1935. Pursuant to the præcipe, the prothonotary entered a rule on respondent to appear and answer within 30 days after Monday, March 4, 1935. The libel is endorsed with a notice to respondent to appear and answer within 30 days from Monday, March 4, 1935. The subpœna, dated January 28, 1935, as originally prepared, makes the return day the first Monday of March. However, the word "March", written in typewriting, is stricken out and "April" was inserted in ink. The subpœna was served personally on March 9, 1935. The master was appointed on April 15, 1935, on counsel's written motion stating that no appearance nor answer had been filed within 30 days after the return day. If the return day was the first Monday in April, 30 days had not expired when the master was appointed and his appointment was premature.

The premature appointment of the master renders the subsequent proceedings void, but the procedural steps prior to his appointment are of more serious consequence. We may only assume what happened in this case. It seems to us that the subpœna was originally returnable to the first Monday in March, 1935. It was not served until after that return day. In the meantime, the return day as mentioned in the subpœna was evidently changed. This, of course, was absolutely without warrant. If respondent was not served before the return day, the subpœna should have been returned "non est inventus" and an alias subpœna should have been issued. As the record stands, the subpœna does not agree with the rule to appear and answer, and the notice endorsed on the libel does not agree with the subpœna. Consequently, service and notice do not comply with the statute and the rules of the court. The respondent did not appear at any stage of the proceedings and defects in service may not be treated as waived. We could dismiss the libel for the reasons stated, but, instead, we shall remit the record to the master to afford counsel an opportunity to amend the

record, if he thinks that is possible, or to discontinue the action.

And now, June 10, 1935, the record is remitted to the master for further proceedings not inconsistent with this opinion.